IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES E. PRICE, Plaintiff, | § § § | |
| v. | § § | No. 3:17-CV-2389-M-BF |
| KAVELL BROWDER-WHITEHURST and THE NIELSON COMPANY, Defendants. | § § § § | |

## FINDINGS CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

I.

Plaintiff filed this complaint alleging employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*. He claims he witnessed a conflict between Defendant Kavell Browder-Whitehurst and another employee, and that Defendants retaliated against him by terminating his employment. Plaintiff is proceeding *pro se*, and the Court has granted him leave to proceed *in forma pauperis*. For the foregoing reasons, the Court finds the complaint should be dismissed for failure to exhaust administrative remedies.

II.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28

U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

III.

Plaintiffs seeking to file suit under Title VII must generally exhaust administrative remedies by filing a charge of discrimination with the EEOC. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). When a plaintiff alleges retaliation, if the alleged retaliation occurred prior to the EEOC complaint, the plaintiff must exhaust his administrative remedies. *See Williams v. AT&T, Inc.*, 356 Fed. Appx. 761, 766 (5th Cir. 2009) (stating a plaintiff must exhaust his administrative remedies prior to filing a retaliation claim, unless the "retaliation claim . . . arise[s] after the filing of the EEOC charge."); *Eberle v. Gonzales*, 240 Fed.Appx. 622, 628 (5th Cir. 2007) (same). Here, Plaintiff alleges the retaliation occurred prior to his EEOC complaint. He is therefore required to exhaust his administrative remedies.

To exhaust his administrative remedies, a plaintiff must file a timely charge with the EEOC and receive a statutory notice of right to sue. *Taylor*, 296 F.3d at 378-79. The exhaustion requirement "serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conciliation, and giving the employer some warning as to the conduct

about which the employee is aggrieved." *Hayes v. MBNA Tech, Inc.*, 2004 WL 1283965, at *3 (N.D. Tex. June 9, 2004) (Fitzwater, J.) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 44 (1974); *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)).

The Court sent Plaintiff a Magistrate Judge's Questionnaire ordering him to submit a copy of his EEOC notice of right to sue. Instead, Plaintiff submitted a copy of the charge of discrimination that he filed with the EEOC. (ECF No. 8 at 3.) Plaintiff has failed to show that the EEOC has issued him a notice of right to sue. Plaintiff's complaint should be dismissed without prejudice for failure to exhaust his administrative remedies.

IV.

The Court recommends that Plaintiffs' complaint be dismissed without prejudice for failure to exhaust administrative remedies.

Signed this 3 day of November, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**    Page -3-

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).